# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2022 CA 0634

## 2022 CW 0922

## CROSSTEX ENERGY SERVICES, LP, CROSSTEX LIG, LLC, AND CROSSTEX PROCESSING SERVICES, LLC

## VERSUS

## TEXAS BRINE COMPANY, LLC, ET AL.

**Judgment Rendered:** **MAR 0 6 2023**

**Appealed from the**
**23rd Judicial District Court**
**In and for the Parish of Assumption**
**State of Louisiana**
**Docket Number 34202**

## Honorable Thomas J. Kliebert, Jr., Ad Hoc Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Leopold Z. Sher<br>James M. Garner<br>Peter L. Hilbert, Jr.<br>Darnell Bludworth<br>Jeffrey D. Kessler<br>Christopher T. Chocheles<br>New Orleans, LA<br><br>Robert Percy, III<br>Travis J Turner<br>Gonzales, LA<br><br>Uylsses Gene Thibodeaux<br>Lake Charles, LA | Attorneys for Defendant/Third-<br>Party Plaintiff/Appellant<br>Texas Brine Company, LLC |
| Roy C. Cheatwood<br>Kent A. Lambert<br>Adam B. Zuckerman<br>Leopoldo J. Yanez<br>Colleen C. Jarrott<br>Matthew C. Juneau<br>Lauren Brink Adams<br>New Orleans, LA | Attorneys for Defendant/Appellee<br>Legacy Vulcan, LLC |

\* \* \* \* \*

## BEFORE: GUIDRY, C.J., THERIOT AND WOLFE, JJ.

Wolfe, J. concurs with reasons.

**GUIDRY, C.J.**

This dispute is one of many arising out of the August 2012 sinkhole that appeared near Bayou Corne in Assumption Parish. In this appeal, Texas Brine Company, LLC ("Texas Brine") challenges the January 6, 2022 judgment dismissing with prejudice its fraud and concealment/omission claims against Legacy Vulcan, LLC ("Legacy Vulcan") due to issue preclusion. In a related request for supervisory review, Texas Brine also challenges the July 19, 2022 judgment denying its motion for partial summary judgment regarding Legacy Vulcan's liability as an intentional tortfeasor.[1]

This court recently considered and decided these same issues in Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 22-0594 (La. App. 1st Cir. 1/20/23), __ So. 3d __, 2023 WL 334027, a related appeal of an identical judgment originating out of a different trial court number (Docket Number 34,265, 23rd Judicial District Court, Assumption Parish), but rendered by the same trial court judge, on the same date, and concerning the same parties. In Pontchartrain, this court affirmed the trial court's January 6, 2022 judgment dismissing with prejudice Texas Brine's fraud and concealment/omission contentions and causes of action against Legacy Vulcan. Pontchartrain, 22-0594 at p. 19, 2023 WL 334027 at *9. This court further denied the related application for supervisory review, declining to exercise supervisory jurisdiction regarding the trial court's denial of Texas Brine's motion for partial summary judgment regarding Legacy Vulcan's liability as an intentional tortfeasor for Texas Brine's damages. Pontchartrain, 22-0594 at p. 7, 2023 WL 334027 at *3, fn. 1.

---

[1] Texas Brine filed a writ application, docket number 2022 CW 0922, seeking review of the July 19, 2022 judgment denying its motion for partial summary judgment regarding Legacy Vulcan's liability as an intentional tortfeasor for Texas Brine's damages, which was referred to this panel for review in conjunction with the appeal of the January 6, 2022 judgment. See order dated October 13, 2022.

After a thorough review of the record, we find no material distinctions between the evidence and arguments in this appeal and those presented in the Pontchartrain appeal. We find Texas Brine's arguments, as well as the issues presented in this appeal are identical to those presented in Pontchartrain, including whether issue preclusion under res judicata applies when certain contractual claims have not yet been adjudicated, whether Legacy Vulcan proved all of the elements of issue preclusion, and whether exceptional circumstances would justify relief from the effects of res judicata. The Pontchartrain court addressed the same background, issues, and assignments of error raised by Texas Brine in the instant appeal.[2] We are bound to follow the Pontchartrain decision under the "law of the circuit" doctrine. Crosstex Energy Services, LP v. Texas Brine Company, LLC, 22-0447, p. 3 (La. App. 1st Cir. 11/4/22), __ So. 3d __, 2022 WL 16705744, *2, writs denied, 22-01768, 22-01769 (La. 2/7/23), __ So. 3d __, 2023 WL 1793824, 1793449; Labarre v. Occidental Chemical Company, 19-0624, p. 3 (La. App. 1st Cir. 2/19/20), 2020 WL 813269, *1 (unpublished).

Accordingly, we affirm the trial court's January 6, 2022 judgment granting Legacy Vulcan, LLC's motion for partial summary judgment and dismissing Texas

---

[2] As a point of emphasis, the elements of the tort of fraud, similar to contractual fraud, are a misrepresentation of material facts made with the intent to deceive where there was reasonable and justifiable reliance by the plaintiff and resulting injury. Pontchartrain, 22-0594 at p. 16, __ So. 3d __, 2023 WL 334027 at *7, citing, Riedel v. Fenasci, 18-0539, p. 9 (La. App. 1st Cir. 12/28/18), 270 So. 3d 795, 801. In its tortious fraud claims, Texas Brine attempted to shift liability for the causation of the sinkhole from itself to Legacy Vulcan by asserting that Legacy Vulcan withheld or failed to disclose reports and critical information to its operator, Texas Brine, both prior to the drilling of the brine well known as the Oxy Geismar 3 (OG3), which concerns placement of the well, and expansion of brine mining, which concerns thinning the salt web. After the Phase 1 liability trial, without specifically mentioning fraud, both the trial court and this court's factual findings demonstrated that despite any withholding of information by Legacy Vulcan, Texas Brine was clearly aware of all risks involved at these two critical junctures. Pontchartrain Natural Gas System v. Texas Brine Company, LLC, 18-1249, pp. 7-16 (La. App. 1st Cir. 12/30/20), 317 So. 3d 715, 725-31 writs denied, 21-00382, 2021-00386 (La. 6/8/21), 317 So. 3d 323. Thus, the claim of fraud failed and fault was allocated based on the parties' actions. In its contractual fraud claims, Texas Brine asserts that Legacy Vulcan's contractual claims are barred and certain contracts entered into between the parties are void due to Legacy Vulcan's withholding of or failure to disclose the same reports and critical information to Texas Brine both prior to the drilling of the OG3 and expansion of brine mining. Because the facts of the issue of fraud were previously litigated and adjudicated, and were essential to the prior judgment, it is clear that Texas Brine's contractual fraud claims are precluded from re-litigation by issue preclusion.

3

Brine Company, LLC's fraud and concealment/omission claims and contentions against Legacy Vulcan, LLC. We further deny Texas Brine Company, LLC's writ application. We issue this summary disposition in accordance with Uniform Rules – Courts of Appeal, Rule 2-16.2(A)(2) and (6). All costs of this appeal are assessed against Texas Brine Company, LLC.

**JUDGMENT AFFIRMED. WRIT DENIED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0634
2022 CW 0922

CROSSTEX ENERGY SERVICES, LP, CROSSTEX LIG, LLC AND
CROSSTEX PROCESSING SERVICES, LLC

VERSUS

TEXAS BRINE COMPANY, LLC, ET AL.

WOLFE, J., concurring.

Bound by the law of the circuit doctrine to follow this court's decision in **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2022-0594 (La. App. 1 Cir. 1/20/23), ___ So.3d ___ (2023 WL 334027), I am constrained to concur in the result reached by the majority. I write separately to express that I respectfully disagree with the statements of the majority in footnote 2, as well as the legal analysis and determination in **Pontchartrain** that *res judicata* bars litigation of Texas Brine's contractual fraud claims against Legacy Vulcan.

Texas Brine concedes that Legacy Vulcan's tortious fraud and withholding of information was addressed during Phase One; however, I find that those claims were addressed *only* to the extent that they affected the tortious allocation of fault between the parties, which was the stated scope of Phase One—"determining what caused the sinkhole to form and which parties, if any, were at fault under any theory of law for causing the formation of the sinkhole." Those claims were not essential to the determination of the Phase One liability judgment and were considered only in relation to an affirmative defense. Thus, I would find that Texas Brine's claims against Legacy Vulcan for contractual fraud and intentional omission/concealment regarding inducement into and performance of various contracts and operating

1

agreements were not conclusively adjudicated by the district court during the Phase One liability trial. At the very least, I would find that there is some doubt as to whether or not these contractual fraud claims were conclusively adjudicated during Phase One, which precludes summary judgment.

With regard to Texas Brine's writ application, which was referred to this panel for review in conjunction with this appeal, I find that the district court was correct in its denial of Texas Brine's motion for partial summary judgment. Based on three isolated references to Legacy Vulcan's "intentional" withholding of various emails, documents, and reports that appear in this court's Phase One liability opinion, Texas Brine claims Legacy Vulcan was adjudicated an intentional tortfeasor. See **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-1249 (La. App. 1st Cir. 12/30/20), 317 So.3d 715, writs denied, 2021-00382, 2021-00386 (La. 6/8/21), 317 So.3d 323. Thus, Texas Brine moved for summary judgment, arguing that Legacy Vulcan's "intentional" actions preclude application of the comparative fault principles set forth in La. Civ. Code art. 2323, and that Texas Brine is entitled to judgment holding Legacy Vulcan responsible for 100% of Texas Brine's damages.

"Intent" refers to the consequences of an act rather than to the act itself, meaning that a person (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. See **Bazley v. Tortorich**, 397 So.2d 475, 481 (La. 1981). While in the Phase One liability opinion this court referenced Legacy Vulcan's withholding of certain documentation and omission of email paragraphs as "intentional," this court did not adjudicate Legacy Vulcan an intentional tortfeasor as Texas Brine suggests. This court made no finding that Legacy Vulcan consciously desired the formation of the sinkhole or knew to a substantial certainty that the sinkhole would occur.

2

Rather, this court affirmed the district court's allocation of 15% comparative fault to Legacy Vulcan, which establishes the fallacy of Texas Brine's current argument. Texas Brine is not entitled to summary judgment holding Legacy Vulcan liable as an intentional tortfeasor for Texas Brine's damages; therefore, I believe the district court's July 19, 2022 ruling was correct.

3